**Michael Kevin DUPONT,
Plaintiff, Appellant,**

v.

**Karin SAUNDERS, et al.,
Defendants, Appellees.**

**Michael Kevin DUPONT, et al.,
Plaintiffs, Appellees,**

v.

**Karin SAUNDERS, et al.,
Defendants, Appellees,**

**Hasan Amir, Gary Mosso, John
MacNeil, Plaintiffs, Appellants.**

Nos. 86–1149, 86–1150.

United States Court of Appeals,
First Circuit.

Submitted Sept. 3, 1986.
Decided Sept. 8, 1986.

Michael Kevin Dupont and John J. Mac-Neil on brief, pro se.

Alexander G. Gray, Jr., Asst. Atty. Gen. and Francis X. Bellotti, Atty. Gen., Boston, Mass., on brief, for defendants, appellees.

Before COFFIN, BOWNES, and TOR-RUELLA, Circuit Judges.

PER CURIAM.

Presently before us is an appeal from the district court's order denying plaintiffs-appellants' motion for a preliminary injunction.

Plaintiffs below are a group of inmates at MCI–Cedar Junction. Their lengthy complaint raises a number of issues relating to the prison law library and other prison matters. Two of the plaintiffs, Michael Kevin Dupont and Hasan Amir, sought before the district court a preliminary injunction reinstating them to their positions as inmate law library clerks. Dupont and Amir claim they were wrongfully removed from their library positions in retaliation for exercising first amendment rights by making complaints against prison officials relating to perceived violations of 42 U.S.C. § 1997 et seq. (the Civil Rights of Institutionalized Persons Act) and a federal court decree creating a satellite law library for segregated prisoners at MCI–Cedar Junction, see Cepulonis v. Fair, 732 F.2d 1 (1st Cir.1984), affirming in part and vacating in part, 563 F.Supp. 659 (D.Mass. 1983). Appellees, various prison officials, claim Dupont and Amir were removed from their positions for cause, in accordance with a prison regulation stating that any inmate receiving a disciplinary ticket may be terminated from his work assignment. See WAL 450.09(B), set out at page A–67 of appellants' brief. Appellees assert that Amir was terminated because he was given a disciplinary ticket on June 11, 1985 by a prison librarian for refusing to work, and that Dupont was suspended because he

was given a disciplinary ticket in October, 1985, for refusing to obey an order.

The district court, accepting a magistrate's recommendation, denied Amir and Dupont's motion for preliminary relief, concluding they failed to show that they will suffer irreparable harm absent injunctive relief, or a likelihood of success on their claims that (1) they have liberty or property rights to employment as inmate law library clerks, and (2) they were terminated for activity protected by the first amendment. We affirm on the basis that appellants failed to show the irreparable harm and likelihood of success on the merits necessary for the issuance of a preliminary injunction. *See Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981).

As best as can be gleaned from their briefs, appellants claim that denial of their motion for a preliminary injunction will cause them irreparable harm because: (1) they will lose "goodtime" credits they would otherwise obtain as the result of prison employment; and (2) other inmates rely on their abilities as law clerks for assistance in litigation.

■ Goodtime credits at MCI–Cedar Junction are accumulated and deducted from prisoners' sentences and are awarded to prison workers "who perform their jobs in a satisfactory manner. . . ." *See* WAL 450.12, set out at page A–69 of appellants' brief. We recognize that the challenged disciplinary actions deprive appellants of the opportunity to earn goodtime credits through employment as law clerks. However, if it is later decided that appellants were wrongfully discharged, they may be entitled to seek a retroactive award of goodtime credits in the appropriate forum. *See Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ Appellants' second argument for irreparable harm is that other inmates who rely on Amir and Dupont as their "writ writers" are now without their assistance. Aside from the fact that these "other inmates" are not parties to the case, it appears from the record that there are at least three other inmate law clerks available within the prison. The district court found there was no reason not to believe that these clerks are fully able to perform the responsibilities required by the job. Also, inmate legal assistance is not constitutionally mandated, *see Cepulonis v. Fair*, 732 F.2d 1, 6 (1st Cir.1984), as long as the law library is otherwise adequate and accessible.

Even were we to find irreparable harm, appellants have failed to persuade us of the likelihood of success on the merits of their substantive claims.

■ As to their due process claim, it is clear that unless state laws or regulations are to the contrary, prisoners have no vested property or liberty rights to either obtain or maintain prison jobs. *See Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir.1980); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir.1975). MCI–Cedar Junction regulations pertaining to prison jobs state that efforts shall be made to employ as many inmates as possible, but do not give prisoners any absolute right to obtain prison employment. *See* WAL 450.07, set out at page A–65 of appellants' brief. Also, pursuant to prison regulations, inmates such as appellants who are dismissed from their jobs after receiving a disciplinary ticket have no absolute right to reemployment, even if they prevail in a later grievance petition. *See* WAL 450.09(C), set out at page A–67 of appellants' brief.

■ With respect to the first amendment claim, appellants, in their motion for preliminary relief, claim they were removed from their positions in retaliation for filing complaints against prison officials. Appellees, in turn, submitted an affidavit from a library official who claims that the prisoners were terminated for cause and in accordance with prison regulations. The district court chose to believe this affidavit and thus denied appellants' motion. The

present record affords no basis for this court to find the district court's findings of fact were clearly erroneous.

For the foregoing reasons, we find no abuse of discretion or clear error in the district court's findings that appellants failed to show irreparable harm or a likelihood of success on the merits of their claims.

We note that appellants raise a number of issues in their briefs, and in documents filed in the district court *after* the denial of the motion for preliminary relief, which are not now properly before us. This appeal concerns only the district court's denial of appellants' motion for a preliminary injunction. Appellants may bring their late-filed and other claims to the district court's attention upon further development of the case below.

The decision of the district court is *affirmed.* Appellants' motion to expand the record is denied.