SEAN MURPHY *vs.* PAUL CRUZ & others.[1]

No. 99-P-236.

Suffolk. March 8, 2001. - August 17, 2001.

Present: PORADA, LENK, & GELINAS, JJ.

*Imprisonment,* Enforcement of discipline, Transfer of prisoner. *Administrative Law,* Prison disciplinary proceeding. *Due Process of Law,* Prison disciplinary proceedings. *Constitutional Law,* Imprisonment. *Civil Rights.*

A Superior Court judge erred in dismissing a complaint brought by a State prison inmate against prison officials, where the allegations set forth in the complaint, liberally construed, gave rise to cognizable claims that the defendants instituted disciplinary proceedings against the plaintiff in retaliation for the plaintiff's exercise of his First Amendment right to petition the courts, in violation of 42 U.S.C. § 1983 [317-318], and that the defendants did so in a vindictive manner and with improper motive sufficient to constitute "threats, intimidation, or coercion," in violation of the Massachusetts Civil Rights Act, G. L. c. 12, § 11H-11I [319].

Sanctions imposed on a State prisoner as a result of disciplinary proceedings (temporary loss of canteen privileges and attendance at certain meetings, transfer to another institution, and the attendant loss of a job) did not implicate any liberty or property interest sufficient to support a claim of violation of due process under either the Federal [318-319] or State [319-320] Constitution.

CIVIL ACTION commenced in the Superior Court Department on October 30, 1995.

A motion to dismiss was heard by *Margaret R. Hinkle,* J.

*Sean Murphy,* pro se.

*William D. Saltzman* for the defendants.

PORADA, J. The plaintiff, a pro se prisoner, filed this action in the Superior Court against three employees of the Department of Correction (department) in their individual and official

---

[1]Nestor Cruz and David Malone. All three defendants were sued in their individual capacities and their official capacities as employees of the Department of Correction.

capacities. Among his claims, he sought judicial review of a disciplinary proceeding in the nature of certiorari under G. L. c. 249, § 4, and declaratory relief and damages under 42 U.S.C. § 1983 (Supp. 1998) and G. L. c. 12, §§ 11H-11I. The defendants filed a motion to dismiss, or in the alternative, for summary judgment. The plaintiff filed a motion for partial summary judgment on his claim that his right to due process was violated by the hearing officer's refusal to allow him to call certain witnesses during his disciplinary hearing and by defendant Malone's improper participation at that hearing. The motion judge denied the plaintiff's motion for partial summary judgment and allowed the defendants' motion to dismiss the complaint. The judge ruled that the plaintiff's action in the nature of certiorari was barred because of the failure of the plaintiff to exhaust his administrative remedies; that under *Edwards* v. *Balisok*, 520 U.S. 641 (1997), the plaintiff's claim for retaliation under 42 U.S.C. § 1983 was precluded because of the absence of a prior judgment reversing the disciplinary convictions which form the basis of this action; that the plaintiff's claim for violation of due process under 42 U.S.C. § 1983 was barred because of the absence of disciplinary sanctions that imposed an "atypical and significant" hardship in relation to the ordinary incidents of prison life; and that the plaintiff's claims under G. L. c. 12, §§ 11H-11I, failed because the plaintiff had not shown the interference, or attempted interference, with any rights secured by the Constitution or laws of the Federal or State governments by "threats, intimidation or coercion." We reverse so much of the judgment dismissing the plaintiff's claim for retaliation under 42 U.S.C. § 1983 and G. L. c. 12, §§ 11H-11I, but affirm the entry of judgment for the defendants on the remaining claims.[2]

We address each of the above claims.

1. *Certiorari claim.* On appeal, the plaintiff's challenge is limited to his claim that his right to due process was denied by the hearing officer's refusal to allow him to call several witnesses at his disciplinary hearing. The Superior Court judge

---

[2]The plaintiff does not appear to challenge the dismissal of so much of his complaint which alleged an action for contempt or declaratory relief under G. L. c. 231A.

refused to review this claim because she determined that the plaintiff had failed to file a timely appeal to the superintendent of the prison on this issue and, thus, had failed to exhaust his administrative remedies, a necessary predicate to filing an action in the nature of certiorari. *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass. 79, 84 (1968). The plaintiff argues that his appeal was timely because within five days of receipt of the adverse decision resulting from his disciplinary hearing on September 8, 1995, he handed a prison guard the letter to the superintendent containing his appeal of this issue and, thus, complied with the regulations governing appeals to the superintendent.[3] The defendants argue that the mere handing of the appeal to a guard does not suffice because the regulations require that it be received by the superintendent within five days after the inmate has received the hearing officer's decision. Because the plaintiff has been released from prison since the filing of his appeal, and the relief sought by him is no longer of any use to him, we view the issue as moot and decline to review it. The dismissal of the certiorari claim should stand.

2. *Claims under 42 U.S.C. § 1983.* Relying on *Edwards* v. *Balisok*, 520 U.S. 641, the judge ruled that the plaintiff's claim for retaliatory discipline must be dismissed because the plaintiff had not alleged that the disciplinary sanctions, which form the basis of his action, had been invalidated by a prior judgment. In *Puleio* v. *Commissioner of Correction, ante* 302, 308-309 (2001), we declined to apply the ruling of the *Edwards* case to bar claims under § 1983 that do not challenge the validity of the plaintiff's criminal conviction or affect the length of his incarceration. Here, too, none of the sanctions imposed upon the plaintiff fall within that category. Accordingly, the plaintiff's claim for retaliation should not have been dismissed for this reason.

We address whether the dismissal of the complaint was proper for other reasons. The plaintiff alleges that he was transferred

---

[3]Title 103 Code Mass. Regs. § 430.18(1) (1993) provides as follows: "All inmates may appeal the finding or sanction(s) of the hearing officer regarding a major matter or an appeal of a minor matter to the [s]uperintendent within five days following the inmate's receipt of the hearing officer's written decision. The [s]uperintendent, at his discretion, may consider an appeal filed after the expiration of the five day period, but no later than fifteen days after the inmate has received the hearing officer's decision."

from the Massachusetts Correctional Institution (MCI), Norfolk, to MCI, Shirley, in retaliation for litigation he instituted against the defendant Paul Cruz and another department employee to regain his position as majority camp chairman of the Norfolk resident council. In his complaint, he alleges that on August 22, 1995, one day after a hearing on cross motions for summary judgment filed in that action, Cruz called him into his office where he verbally abused him and criticized his conduct as the resident council's camp chairman. Later on that same day, the plaintiff alleges that although he was told to return to Cruz's office at 2 P.M., he received a disciplinary report from Cruz for not returning to Cruz's office at 1 P.M. The plaintiff further alleges that the hearing on this report was scheduled for 2 P.M. on September 7, 1995, but was changed on that date to 1:45 P.M. when it was known that the regular meetings of the resident council, over which he was required to preside as the majority camp chairman, were held at 1 P.M. The plaintiff alleges that, because he attended the council's meeting where Cruz was present, he did not arrive at the hearing until 2:05 P.M., at which time he received a disciplinary report for being late to the hearing on the August 22 disciplinary report. On September 8, the plaintiff states that he received the hearing officer's decision finding him guilty of not reporting to Cruz's office at 1 P.M. on August 22. The sanctions imposed for this violation were three months' loss of attendance at resident council meetings, two months' loss of canteen privileges, and a warning that the receipt of another disciplinary report of this nature would result in a custody status review. The plaintiff pleaded guilty on September 12, 1995, to the disciplinary report citing him for being late to the September 7 hearing and received a sanction of recommended custody status review. On September 18, 1995, without a hearing, the defendant was transferred to MCI, Shirley, resulting in the loss of his position as the majority camp chairman at MCI, Norfolk. The plaintiff further alleges that two correction employees told him that he was "set up" by disciplinary personnel to be transferred.

While it may well be that the defendants ultimately will prevail on this claim upon a showing that their motive for transfer was not retaliatory but based on a legitimate penologi-

cal concern, cf. *Scarpa* v. *Ponte*, 638 F. Supp. 1019, 1029 (D. Mass. 1986), the chronology of events set forth in the plaintiff's complaint, liberally construed,[4] gives rise to a cognizable claim of retaliation based on the temporal proximity of the disciplinary proceedings to his litigation against Cruz and the knowledge of correction officials that, at the time the plaintiff received the sanction of a possible future custody status review for another similar infraction, he had already committed a similar infraction, and custody status review was, thus, a foregone conclusion. See *Shabazz* v. *Cole*, 69 F. Supp. 2d 177, 197-198 (D. Mass. 1999). Consequently, this claim should not have been dismissed.[5]

To the extent that the plaintiff claims that the loss of his position as the majority camp chairman at MCI, Norfolk, was based upon a violation of his right to procedural due process arising out of the denial of his right to present certain witnesses and the defendant Malone's participation in his disciplinary hearing, this claim was properly dismissed. The loss of this position was attendant upon the plaintiff's transfer from MCI, Norfolk, to MCI, Shirley. It is well-established that the transfer of a prisoner from one prison to another does not create a liberty interest protected by the Fourteenth Amendment because such transfers do not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hastings* v. *Commissioner of Correction*, 424 Mass. 46, 51 (1997), quoting from *Sandin* v. *Conner*, 512 U.S. 472, 484 (1995). See *Dominique* v. *Weld*, 73 F.3d 1156, 1159-1161 (1st Cir. 1996). The mere fact that attendant to such a transfer an inmate may lose a job does not give rise to a protected liberty interest. *Hastings* v. *Commissioner of Correction*, *supra* at 51-52. *Dominique* v. *Weld*, *supra*. Similarly, we conclude that the plaintiff has not shown that the loss of this position deprived him of a property

---

[4]In passing on a Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), motion, the plaintiff is to be given the benefit of any doubt and must prevail unless it appears with certainty that he was entitled to no relief under any combination of facts that could be proven in support of his claim.

[5]Although the record below appears replete with materials filed outside the pleadings, it does not appear that the motion judge considered them in rendering her decision in dismissing this claim. Thus, our review of this claim is based on the standard of review applicable to motions to dismiss and not summary judgment.

right entitled to protection under the due process clause. *Dupont v. Saunders*, 800 F.2d 8, 10 (1st Cir. 1986) (absent State laws or regulations to the contrary, inmates have no vested property interest to obtain or maintain jobs that would be protected by the due process clause). In any event, any such right could be constitutionally restricted by rules or regulations stemming from valid penological concerns such as security or order. See *Jackson v. Hogan*, 388 Mass. 376, 379 (1983).

3. *Claims under G. L. c. 12, §§ 11H-11I*. Because the plaintiff did not in his complaint specify any rights under the Federal or State Constitutions or laws with which the defendants have interfered or attempted to interfere by "threats, intimidation or coercion" in his complaint, the motion judge dismissed those claims. As noted, we believe that the allegations of the plaintiff's complaint suffice to state a claim for retaliation for the exercise of his First Amendment right to petition the courts. The question then becomes whether the plaintiff's allegations in his complaint satisfy the element of "threats, intimidation or coercion." We think that the plaintiff's allegations in his complaint that imply that the correction officials acted in a vindictive manner and for an improper motive in disciplining the plaintiff are sufficient to constitute "intimidation or coercion" and, thus, withstand a motion to dismiss. Cf. *Messere v. Commissioner of Correction*, 27 Mass. App. Ct. 542, 548-549 (1989); *Langton v. Secretary of Pub. Safety*, 37 Mass. App. Ct. 15, 19-20 (1994). This claim should not have been dismissed.

However, we do not think that the plaintiff has set forth a claim for a due process violation under the State Constitution. While we are cognizant that whether we should apply the *Sandin v. Conner*, 512 U.S. at 484, standard in analyzing claims of deprivation of procedural due process under art. 12 of our State constitution has not been determined, *Hudson v. Commissioner of Correction*, 431 Mass. 1, 7 (2000), we believe that the sanctions imposed do not give rise to a liberty interest protected by the due process clause. The plaintiff's temporary loss of canteen privileges and attendance at the residents council's meeting are at most losses of privileges that do not give rise to a liberty interest. See *Hastings v. Commissioner of Correction*, *supra* at 52 (revocation of right to work release, which in essence is a

privilege afforded inmates, does not give rise to a liberty interest protected by the due process clause under the State Constitution). Similarly, the transfer of prisoners from one institution to another pursuant to State regulations does not give rise to a liberty interest sufficient to support a claim of violation of due process under the State Constitution. *Ibid.* *'Abdullah* v. *Secretary of Pub. Safety*, 42 Mass. App. Ct. 387, 393 (1997).

We reverse so much of the judgment as dismisses the plaintiff's claims for retaliation under 42 U.S.C. § 1983, and G. L. c. 12, §§ 11H-11I. The judgment is otherwise affirmed.

*So ordered.*