NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-680                                        Appeals Court


   CHRISTIAN ROSADO  vs.  COMMISSIONER OF CORRECTION & another.[1]


No. 16-P-680.

Middlesex.     February 7, 2017. - May 22, 2017.

Present:  Green, Meade, & Agnes, JJ.


Imprisonment, Safe environment.  Constitutional Law,
     Imprisonment.  Administrative Law, Judicial review.
     Practice, Civil, Relief in the nature of certiorari, Motion
     to dismiss.  Due Process of Law, Prison regulation.  Libel
     and Slander.



     Civil action commenced in the Superior Court Department on
May 11, 2015.

     A motion to dismiss was considered by Kenneth J. Fishman,
J.


     Christian Rosado, pro se.
     Katherine W. Briggs for the defendants.


     GREEN, J.  The pro se plaintiff, an inmate in the custody

of the Department of Correction, appeals from a judgment of the

_____

     [1] Chief of the Office of Investigative Services.  Both
officials are sued individually and in their official
capacities.

Superior Court, dismissing his complaint against the defendants, the Commissioner of Correction and the chief of the office of investigative services (investigative services chief). In his complaint, the plaintiff asserted various claims stemming from the defendants' designation of him as a member of the "Latin Kings," a "security threat group" (STG). The plaintiff denies that he is a member of the Latin Kings, and that his false designation as such subjects him to various harms entitling him to relief. We agree with the judge that the plaintiff's claim for certiorari relief, pursuant to G. L. c. 249, § 4, does not lie because the designation was a discretionary administrative decision rather than an adjudicatory or quasi adjudicatory one, and that his due process claim fails because his designation as a member of an STG does not infringe upon a protected liberty interest.[2] We accordingly affirm the judgment of dismissal.

Background. "We review the allowance of a motion to dismiss de novo, accepting as true all factual allegations in the complaint and favorable inferences drawn therefrom. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), and cases cited. We may also consider exhibits attached to the

_____

[2] We also conclude that the plaintiff's claim for defamation was properly dismissed, if for no reason other than that his complaint does not allege that the defendants published his designation as an STG member to "any considerable and respectable segment of the community." Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975).

complaint and items appearing in the record. Melia v. Zenhire, Inc., 462 Mass. 164, 165-166 (2012), citing Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000)." Lipsitt v. Plaud, 466 Mass. 240, 241 (2013).

As we observed in the introduction, the plaintiff is an inmate in the custody of the Department of Correction.[3] In November, 2014, a search of his cell uncovered pictures of a number of other prisoners the plaintiff had befriended, all of whom were members of a known STG. One week later, the facility's inner perimeter security team informed the plaintiff that it intended to classify him as a gang member, due to the discovery of pictures of gang members in his cell.

In February, 2015, the defendant investigative services chief met with the plaintiff to allow him to dispute his identification as a member of the Latin Kings gang. Following the meeting (in which the plaintiff denied his membership in the Latin Kings), the investigative services chief notified the plaintiff by letter dated February 12, 2015, that his identification as a member of an STG had been "validated," and advising him that he could appeal that decision to the Commissioner within five days of the notice. By letter dated

---

[3] In his complaint, the plaintiff alleged that he was held at Massachusetts Correctional Institution, Concord. According to our docket and the plaintiff's brief, the plaintiff currently resides at the Souza-Baranowski Correctional Center in Shirley.

February 24, 2015, the plaintiff appealed to the Commissioner, who rejected his appeal.[4]  By two subsequent letters, one from the plaintiff on March 16, 2015, and another from an attorney on his behalf on March 23, 2015, the plaintiff expressed his displeasure and disagreement with his designation as an STG member.

As a result of his designation as an STG member, the plaintiff is restricted in his employment opportunities within the correctional facility where he is housed.  In addition, the plaintiff alleges that his false designation as an STG member subjects him to danger from other inmates who are enemies of that group.

In his complaint, the plaintiff asserted that his designation violated the Fourteenth Amendment to the United States Constitution, art. 12 of the Massachusetts Declaration of Rights, G. L. c. 231A, G. L. c. 30A, §§ 1-8, and 42 U.S.C. § 1983, and also asserted a claim for defamation.

Discussion.  "A [Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974),] motion may be allowed only when the complaint's factual

---

[4] The plaintiff's verified complaint did not describe the grounds for denial, and did not include a copy of the letter of denial as an exhibit.  We consequently are without any basis to ascertain the reasons for the denial.  We note, however, that the plaintiff's letter to the Commissioner appealing his designation as an STG member is dated February 24, 2015, beyond the appeal period described in the February 12, 2015, letter advising him of his designation.

allegations (and reasonable inferences therefrom), accepted as true, do not plausibly suggest an entitlement to relief. See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008); Curtis v. Herb Chambers I-95, Inc., [supra]. 'Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' Iannacchino v. Ford Motor Co., supra at 636, quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Assertions set out in a motion to dismiss are not part of the rule 12(b)(6) review equation. Eigerman v. Putnam Invs., Inc., 450 Mass. 281, 285 n.6 (2007). Romano v. Sacknoff, 4 Mass. App. Ct. 862, 863 (1976)." Fraelick v. PerkettPR, Inc., 83 Mass. App. Ct. 698, 699-700 (2013).

In his complaint and in his arguments in the Superior Court and on appeal, the plaintiff relied principally on the certiorari statute, G. L. c. 249, § 4, for jurisdiction.[5] "In

---

[5] Though the plaintiff's complaint alleged violations of G. L. c. 231A and G. L. c. 30A, §§ 1-8, he has directed no argument to either statute, and neither supports a cause of action for any violation thereof. Any claim that either statute furnishes a cause of action under the plaintiff's complaint accordingly is waived. In any event, to the extent c. 231A supports an action for a declaratory judgment on the plaintiff's claim of a due process violation, it is subsumed in our discussion of that issue, infra. We also note that the sections of the Administrative Procedure Act applicable to the Department of Correction, G. L. c. 30A, §§ 1-8, see G. L. c. 30A, § 1A, do not include those sections of the Act that govern procedures

general, a plaintiff is only entitled to certiorari review of an administrative decision if [he] can demonstrate the presence of three elements:  '(1) a judicial or quasi judicial proceeding, (2) from which there is no other reasonably available remedy, and (3) a substantial injury or injustice arising from the proceeding under review.'"  Revere v. Massachusetts Gaming Commn., 476 Mass. 591, 600 (2017), quoting from Indeck v. Clients' Sec. Bd., 450 Mass. 379, 385 (2008).  Inmates may bring an action in the nature of certiorari to challenge the validity of an adjudication by a disciplinary board.  See Hill v. Superintendent, Massachusetts Correctional Inst., Walpole, 392 Mass. 198, 199 n.2 (1984).  The present case, however, does not pertain to disciplinary board action.  While "an action in the nature of certiorari may be brought to 'correct errors in proceedings . . . not otherwise reviewable by motion or by appeal,' that review offers no protection against discretionary administrative actions."  Emerson College v. Boston, 391 Mass. 415, 422 n.14 (1984), quoting from G. L. 249, § 4, as appearing in St. 1973, c. 1114, § 289.

"When distinguishing a quasi judicial agency proceeding from a legislative or purely administrative one, we have looked generally to the form of the proceeding and examined the extent

applicable to adjudicatory administrative proceedings or provide a right to judicial review of administrative decisions resulting therefrom.  See G. L. c. 30A, §§ 10-14.

to which it resembles judicial action." Revere v. Massachusetts Gaming Commn., supra. The line of demarcation between a discretionary administrative decision and one resulting from a quasi judicial proceeding is often less than clear. We consider several factors in deciding the question: "(1) whether the proceeding is preceded by specific charges, see School Comm. of Hudson v. Board of Educ., 448 Mass. 565, 576 (2007); (2) whether the proceeding involves sworn testimony by witnesses subject to cross-examination, see id., or a party attesting to certain facts, see Frawley v. Police Commr. of Cambridge, 473 Mass. 716, 727 (2016), as opposed to unsworn statements by interested persons advocating for or against a proposed new policy, see School Comm. of Hudson, 448 Mass. at 576; (3) whether the agency conducts an investigation into the veracity of attested-to facts, see Frawley, supra; (4) whether the proceeding culminates in an individualized determination of a party's entitlement to some benefit, see id., or an individualized course of discipline, see Hoffer [v. Board of Registration in Med., 461 Mass. 451, 457 (2012)], as opposed to culminating in the adoption of a rule of general applicability, see Pronghorn, Inc. v. Licensing Bd. of Peabody, 13 Mass. App. Ct. 70, 72 (1982); and (5) whether the proceeding is followed by the adoption of formal findings of fact, see School Comm. of Hudson, supra." Id. at 600-601.

Applying those factors to the circumstances of the present case, we observe that the "proceeding" in the present case was not a proceeding at all, in the usual sense of the term; instead the prison inner perimeter security team advised the plaintiff that, based on information of which it had become aware, it had determined that he was a member of an STG. Nor was the subsequent one-on-one meeting with the investigative services chief a quasi adjudicatory hearing. There were no "charges" brought prior to his designation as a member of an STG, no discovery of information, and no witnesses presented or testimony taken at the meeting; there was also no formal written decision with specific findings of fact. Nor is there any statute or regulation requiring such an inquiry or procedure. We conclude that the decision to designate the plaintiff a member of an STG was a discretionary action taken pursuant to G. L. c. 124, § 1, to preserve the safety and security of staff and other inmates.[6] The extraordinary difficulties inherent in

---

[6] General Laws c. 124, § 1, as amended by St. 1972, c. 777, § 5, provides in pertinent part that the Commissioner shall:

"(a) designate, establish, maintain, and administer such state correctional facilities as he deems necessary . . .

"(b) maintain security, safety, and order at all state correctional facilities, . . . take all necessary precautions to prevent the occurrence or spread of any disorder, riot or insurrection at any such facility, . . .

". . .

the operation of a correctional institution warrant broad discretion by prison officials in the adoption of policies and the administration of prison affairs. See, e.g., Nelson v. Commissioner of Correction, 390 Mass. 379, 397 (1983) (transfer decisions, either disciplinary or administrative, are within Commissioner's discretion); Real v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 399, 406 (1983) (broad discretion necessarily given to prison officials in light of their extraordinarily difficult task). Accordingly, while the defendants' designation of the plaintiff as a member of an STG culminated in an individualized determination of the plaintiff's entitlement to certain benefits within the prison setting, they did so within the broad discretionary purview afforded them in the management of safety and security of the inmate population generally, and not as the result of an adjudicatory or quasi adjudicatory proceeding. We conclude that certiorari is not an appropriate vehicle to seek to overturn discretionary administrative action designed to promote legitimate penological goals. See Revere v. Massachusetts Gaming Commn., supra.

---

"(q) make and promulgate necessary rules and regulations incident to the exercise of his powers and the performance of his duties including but not limited to rules and regulations regarding . . . safety, discipline, . . . classification, . . . care, and custody for all persons committed to correctional facilities."

There likewise is no merit to the plaintiff's claim under 42 U.S.C. § 1983.  As it is undisputed that the defendants acted under color of law, our inquiry is whether the defendants deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution or laws of the United States."  Miga v. Holyoke, 398 Mass. 343, 349 (1986).

The gravamen of the plaintiff's § 1983 claim is that by designating him a member of an STG without a full and proper hearing, the defendants violated his right to due process.  It is settled that prisoners may not be deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  A liberty interest may arise from the Constitution itself or from State-conferred privileges. Wilkinson v. Austin, 545 U.S. 209, 221-222 (2005).  The decision to designate the plaintiff as a member of an STG does not, however, implicate a liberty interest arising from the due process clause.  In Meachum v. Fano, 427 U.S. 215, 224 (1976), the United States Supreme Court held that transferring prisoners from a more favorable facility to a less favorable one did not infringe or implicate a liberty interest within the meaning of the due process clause:  "We reject at the outset the notion that any grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause . . . .  Similarly, we cannot agree that any

change in the conditions of confinement having a substantial adverse impact on the prisoner involved is sufficient to invoke the protections of the Due Process Clause."  The decision to identify the plaintiff as a member of an STG likewise does not implicate a liberty interest created by State law.  State-created liberty interests generally are "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  See id. at 486 (disciplining prisoner for thirty days "in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest").

The Supreme Judicial Court has held that Sandin forecloses an inmate's Federal due process claim based upon an administrative order transferring certain categories of inmates, without a hearing, from prerelease to higher security facilities because such an order does not impose "atypical and significant hardship."  Hastings v. Commissioner of Correction, 424 Mass. 46, 51-52 (1997).[7]  The mere identification of the plaintiff as a

---

[7] The inmates in Hastings claimed that their State-created liberty interests arose from various statutes and regulations,

member of an STG, and the concomitant loss of the right to be considered for certain employment opportunities within the correctional facility, similarly does not impose atypical and significant hardship on the plaintiff in relation to the ordinary incidents of prison life.  Under the standards announced in Sandin, the plaintiff's loss of the chance to participate in certain prison employment opportunities does not affect any State-created liberty interest and thus does not violate the due process clause.  See Harbin-Bey v. Rutter, 420 F.3d 571, 577 (6th Cir. 2005) (designation as STG member "does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life").  See also Dupont v. Saunders, 800 F.2d 8, 10 (1st Cir. 1986) ("prisoners have no vested property or liberty" interest in ability to obtain or maintain prison employment).

The plaintiff has not alleged that the defendants communicated his designation as an STG member to any other inmates (or that such inmates otherwise have acquired knowledge

---

including G. L. c. 124, § 1 (powers of Commissioner); 103 Code Mass. Regs. § 420 (1995) (classification regulations); and 103 Code Mass. Regs. § 464 (1993) (work-release regulations).  The plaintiff in the present case makes a similar argument, claiming that the defendants violated State-created liberty interests arising from G. L. c. 127, § 39 (segregated units); 103 Code Mass. Regs. § 420 (2007) (classification regulations); 103 Code Mass. Regs. § 421 (1994) (departmental segregation regulations); and 103 Code Mass. Regs. § 430 (2006) (disciplinary proceedings).

of his designation), yet inherent in the plaintiff's assertion that the designation subjects him to danger from other inmates is the fact that such other inmates must be aware of the designation.  Simply put, the plaintiff has alleged no facts to support his conclusory allegation that his designation as an STG member has put him in danger.  Accordingly, the allegation does not implicate a protected liberty interest.  See Iannacchino v. Ford Motor Co., 451 Mass. at 636 ("[f]actual allegations must be enough to raise a right to relief above the speculative level" [quotation omitted]).

Finally, the judge properly dismissed the plaintiff's claim for defamation, if for no reason other than that, as we have observed, see note 2, supra, the plaintiff has not alleged that the defendants published his designation as an STG member to "any considerable and respectable segment in the community." Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 853 (1975).  See Phelan v. May Dept. Stores Co., 443 Mass. 52, 56 (2004).[8]

Judgment affirmed.

_____

[8] We need not consider the defendants' alternative contentions that, by reason of the crime for which the plaintiff is incarcerated, he is libel-proof, see Jackson v. Longcope, 394 Mass. 577, 578-582 (1985), or that the defendants are entitled to qualified immunity.  See Ford v. Bender, 768 F.3d 15, 23 (1st Cir. 2014).