NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1095

TONY B. GASKINS & another[1]

vs.

CAROL MICI[2] & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Tony Gaskins and Melquiades Cabrera,[4] people

formerly confined to MCI-Concord and housed in that facility's

---

[1] Melquiades Cabrera.

[2] Individually and as the former Commissioner of the Massachusetts Department of Correction.

[3] Michael Rodrigues, individually and as the former superintendent of the Massachusetts Correctional Institution at Concord (MCI-Concord).

[4] The defendants argue that Cabrera waived his right to appeal by failing to respond to a single justice of this court's order dated November 25, 2024, which asked Cabrera to either file his own brief or notify the court that he was joining Gaskins's brief.  Because Cabrera had already signed Gaskins's brief and paid his filing fee, we determine that his failure to respond was "relatively innocuous" and does not warrant the harsh sanction of dismissal.  Schulte v. Director of Div. of

"secure adjustment unit" (SAU), brought a complaint against the defendants, Carol Mici and Michael Rodrigues, formerly the Commissioner of Correction and superintendent of MCI-Concord, respectively. The complaint alleged that the defendants had violated various provisions of the Criminal Justice Reform Act (CJRA) and the Massachusetts and Federal Constitutions and sought declaratory relief and damages. A judge of the Superior Court allowed the defendants' motion to dismiss the complaint for failure to state a claim, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The plaintiffs appealed from the ensuing judgment of dismissal.[5]

Background. "We summarize the factual allegations of the verified complaint, accepting them as true at this motion to dismiss stage and drawing all reasonable inferences in the plaintiffs' favor." Haas v. Commissioner of Correction, 103 Mass. App. Ct. 1, 3 (2023).

On July 31, 2019, Gaskins was placed in the "restrictive housing unit" (RHU) at the Massachusetts Correctional

_____

Employment Sec., 369 Mass. 74, 79 (1975); Mass. R. A. P. 3 (a) (1), as appearing in 481 Mass. 1603 (2019).

[5] A third plaintiff participated in the Superior Court proceedings and signed the appellants' brief, but did not file his own notice of appeal or join in the notice of appeal of the named appellants. That plaintiff's appeal is not properly before us. See Schulte, 369 Mass. at 79 (failure to timely file notice of appeal is "serious misstep[]" that "call[s] for dismissal of the appeal").

2

Institution in Norfolk pending disciplinary matters and transferred to the SAU at MCI-Concord on August 13, 2019.[6]  On June 13, 2019, Cabrera was placed in the RHU at Old Colony Correctional Center while awaiting disciplinary action and transferred to the SAU at MCI-Concord on July 16, 2019.  On or about September 19, 2019, Cabrera was transferred from the SAU to the Souza-Baranowski Correctional Center.

The plaintiffs' stays in the SAU at MCI-Concord exceeded sixty days.  They never received access to their televisions, vocational programming, or their property in full.[7]  Additionally, the plaintiffs' canteen purchases were restricted to twenty-five dollars of certain food and cosmetic items, less than the total purchases of seventy-five dollars available to the general population.

Discussion.  "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the

---

[6] We note that the defendants' filings state that Gaskins was transferred to the Souza-Baranowski Correctional Center on November 17, 2019.

[7] We treat the claim that the plaintiffs were denied full property access as a factual allegation for purposes of our analysis but do not regard it as true because it is a "legal conclusion[] cast in the form of [a] factual allegation[]." Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).  The complaint may not rest on such "conclusory descriptions . . . which could be dominated by unpleaded facts" (quotation and citation omitted).  Id. at 478.  Accordingly, we do not consider this allegation in the subsequent analysis of the plaintiffs' legal claims.

complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

1. Claim for declaratory relief. The plaintiffs' complaint, pursuant to G. L. c. 231A, §§ 1-2, alleged that the defendants "are not in compliance with the CJRA" and sought a ruling that they must come into compliance "with the legislative intent of the CJRA" by providing "all prisoners within the segregation units and SAU, who are not being disciplined," with the required access to the canteen, property, television, and vocational programming.

The judicial power to make declaratory determinations is limited to cases "in which an actual controversy has arisen and is specifically set forth in the pleadings." G. L. c. 231A, § 1. "Where no actual controversy is presented by a claim for declaratory relief, the court lacks subject matter jurisdiction over the matter, and the claim must be dismissed." Worcester Regional Retirement Bd. v. Public Employees Retirement Admin. Comm'n, 489 Mass. 94, 98 (2022). Here, the controversy alleged in the complaint became moot when the plaintiffs were transferred out of the SAU. See Littles v. Commissioner of Correction, 444 Mass. 871, 872 n.3 (2005) (request for

4

injunctive relief from conditions of confinement in administrative segregation was rendered moot by plaintiff's return to general population).  Additionally, the issues alleged in the complaint are not capable of repetition because MCI-Concord is permanently closed.  St. 2024, c. 140, § 193.  Cf. Gonzalez v. Commissioner of Correction, 407 Mass. 448, 450 (1990) (issues around inmate drug testing that apply to "any inmate in any Department of Correction institution" are capable of repetition).  Accordingly, we dismiss the claim for declaratory relief as moot.

2.  Claim for damages.  The plaintiffs' complaint alleges that the defendants -- through their failure to provide the plaintiffs with access to the canteen, television, and vocational programming during their stay in the SAU -- "use[d] the SAU to circumvent the protections of the CJRA, violating the mandates of the CJRA, in particular G. L. c. 127, § 39, G. L. c. 213A, § 2, the Fourteenth Amendment to the United States Constitution, Article 12 of the Massachusetts Declaration of Rights, and acting under color of law, violated 42 U.S.C. § 1983."[8]

---

[8] The plaintiffs additionally argued in support of their opposition to the motion to dismiss that (1) the defendants violated the requirement of G. L. c. 127, § 32, to "treat the prisoners with the kindness which their obedience, industry and good conduct merit"; and (2) because the SAU "operates as a

5

We begin by addressing the plaintiffs' statutory claims under G. L. c. 127, §§ 39, 39E.[9]  Chapter 127, § 39 (b), provides in relevant part that "restrictive housing units shall provide: . . . (v) access to a radio or television if confinement exceeds 30 days; . . . (viii) the same access to canteen purchases and privileges to retain property in a prisoner's cell as prisoners in the general population at the same facility."  Chapter 127, § 39E, provides in relevant part that "prisoners held in restrictive housing for a period of more than 60 days shall have

_____

traditional segregation unit," the plaintiffs were entitled to, but did not receive, the protections of the "departmental segregation unit" (DSU) regulations.  We determine that nothing in the complaint gave the defendants fair notice of these claims, and therefore they cannot help the complaint to survive a motion to dismiss.  See Padmanabhan v. Cambridge, 99 Mass. App. Ct. 332, 341-342 (2021).  See also Mass. R. Civ. P. 8 (a), 365 Mass. 749 (1974) ("A pleading . . . shall contain [] a short and plain statement of the claim showing that the pleader is entitled to relief").

On appeal, the plaintiffs argue for the first time that the defendants violated the CJRA by denying the plaintiffs access to books, magazines, and in-person contact visits, and by disciplining the plaintiffs for longer than the fifteen-day statutory maximum.  These claims are waived.  See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) ("nor is a party entitled to review of an issue not presented in the court below").

[9] Although the plaintiffs did not explicitly reference § 39E in their complaint, the motion judge inferred, and we agree, that the plaintiffs' allegations regarding vocational programming invoked a claim under this section.

For the purposes of our analysis, we assume, without deciding, that the plaintiffs' legal theories under the CJRA could support a private right of action for monetary damages against the defendants.

6

access to vocational, educational and rehabilitative programs to the maximum extent possible consistent with the safety and security of the unit."  The plaintiffs argue that the SAU is "restrictive housing" because the conditions of the SAU are "restrictive" within the word's ordinary meaning.  We are unpersuaded.

In interpreting statutory language, we must "give the words their plain meaning in light of the aim of the Legislature" (citation omitted).  Perez v. Bay State Ambulance & Hosp. Rental Serv., Inc., 413 Mass. 670, 675 (1992).  The term "restrictive housing" is defined in G. L. c. 127, § 1, as "a housing placement where a prisoner is confined to a cell for more than 22 hours per day."  The ordinary meaning of "restrictive" relied on by the plaintiffs is immaterial because a statutory "definition which declares what a term means . . . excludes any meaning that is not stated."  Perez, supra, quoting Colautti v. Franklin, 439 U.S. 379, 392-393 n.10 (1979).  The complaint fails to plausibly suggest that the plaintiffs were in "restrictive housing" within the meaning of the statute because it does not contain any averment concerning the number of hours that the plaintiffs were daily confined to a cell in the SAU.[10]

---

[10] To the contrary, supplementary filings by the plaintiffs assert that they were afforded four hours of daily out-of-cell time.

Therefore it fails to suggest any entitlement to relief under G. L. c. 127, §§ 39, 39E.

The complaint fails to suggest any due process violation under either the Fourteen Amendment to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights. "Prison inmates have the protections of procedural due process only if there is an existing liberty or property interest at stake." Torres v. Commissioner of Correction, 427 Mass. 611, 617 (1998). Here, the alleged lack of access to the canteen, vocational programming, and television in the SAU does not implicate any protected liberty interests. See Murphy v. Cruz, 52 Mass. App. Ct. 314, 319 (2001) (no liberty interest implicated by temporary loss of canteen privileges); McKune v. Lile, 536 U.S. 24, 39 (2002) (no liberty interest implicated by loss of access to vocational programs caused by transfer); id. at 48 (upholding constitutionality of State prisoner's transfer that resulted in loss of access to personal television).

Having concluded that the complaint does not plausibly suggest any violations of Federal constitutional or statutory rights, we must also conclude that the complaint fails to state a claim for relief under 42 U.S.C. § 1983. See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979) ("section [1983] is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred").

8

Conclusion.  So much of the plaintiffs' appeal as pertains to their claim for declaratory relief is dismissed as moot.  In all other respects, the judgment is affirmed.

> So ordered.
>
> By the Court (Hand, Hodgens & Tan, JJ.[11]),
>
> *[signature]*
>
> Clerk

Entered:  December 1, 2025.

---

[11] The panelists are listed in order of seniority.