DANIEL J. ALBERT vs. MUNICIPAL COURT OF THE CITY OF
BOSTON & others.[1]

Suffolk.   October 8, 1982. — March 18, 1983.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & O'CONNOR, JJ.

*Police*, Discharge.  *Civil Service*, Failure to raise issue before Civil Service
Commission.  *Administrative Law*, Failure to raise issue before
agency.

A police officer who had been discharged for attempted extortion and
whose discharge had been affirmed by the Civil Service Commission
and by the Municipal Court of the City of Boston could not claim in
this court that due process of law required the commission and the
Municipal Court to apply a standard of proof greater than "fair
preponderance of the evidence," where he had failed to raise this issue
before the commission and in the Municipal Court. [493-494]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on December 29, 1980.

The case was reported by *Liacos*, J.

*Michael A. Ugolini* for the plaintiff.

*Joan C. Stoddard*, Assistant Attorney General, for Civil
Service Commission.

*Thomas A. Waldron*, Assistant City Solicitor, for Board
of Police Commissioners of Springfield, was present but did
not argue.

O'CONNOR, J.   On March 10, 1976, Daniel J. Albert was
discharged from the Springfield police force for violating
rule 32, § 2, of the rules and regulations of the city of
Springfield police department by (1) doing an illegal act (at-
tempted extortion), (2) conducting himself in a manner

---

[1]Civil Service Commission and the board of police commissioners of
Springfield.

unbecoming a police officer, and (3) committing an act contrary to the good order and discipline of the department. After a hearing by a hearings officer of the Civil Service Commission on May 11, 1978, the commission affirmed the discharge.[2] The Municipal Court of the City of Boston upheld the commission's decision after review pursuant to G. L. c. 31, § 44 (as appearing in St. 1978, c. 393, § 11). Albert commenced this action in the nature of certiorari to set aside the judgment of the Municipal Court. A single justice of this court reserved and reported the case, including the following questions of law: "(1) As a matter of procedural due process does the Fourteenth Amendment to the United States Constitution or Article 12 [of the Declaration of Rights] of the Massachusetts Constitution require the Civil Service Commission, or the court on judicial review of the Commission's action, to impose a standard of proof greater than 'fair preponderance of the evidence' where the issue concerns the discharge of a tenured police officer from his duties based on alleged criminal misconduct? (2) Does the petitioner's failure to raise this issue before the appointing authority, the Civil Service Commission and the Municipal Court preclude the court from considering this issue?" Because we answer the second question, "Yes," we do not answer the first.

We recite the significant facts that were found by the commission's hearings officer and adopted by the commission. Albert was employed as a police officer in Springfield. At approximately 2:30 A.M. on February 19, 1976, he was patrolling an area that was frequented by prostitutes. He came upon a motor vehicle that had stopped in order that its male driver might speak to a person that Albert knew was a prostitute. Albert asked the man whether he was married

---

[2]On March 1, 1976, Albert was indicted for attempted extortion. He was found not guilty at a trial before a judge of the Superior Court on March 7, 1978. Albert concedes that G.L. c. 30, § 59, has no application to his situation. Under this statute, a State employee, suspended for being under indictment, is entitled upon acquittal to reinstatement with back pay.

and the man responded that he was. Albert then asked if the man would like to be arrested for soliciting a prostitute and the man answered that he would not. Albert next asked whether the man would like to give him twenty dollars and the response was negative. In response to another question the man indicated that he could stand newspaper publicity.

At the time of the hearing before the hearings officer, G. L. c. 31, § 43, provided that if the commission "finds that the action of the appointing authority was justified, such action shall be affirmed."[3] During the discussion of the relevancy of Albert's acquittal of criminal charges arising out of the incident in question, the hearings officer stated that the standard of proof at the criminal trial (beyond a reasonable doubt) was different from the standard at the hearing. This statement was not disputed by Albert's counsel nor was any contention made that the standard of proof was more rigorous than proof by a preponderance of the evidence. In her recommendation of decision, the hearings officer stated that the applicable standard of proof was proof by a preponderance of the evidence.

In his petition for review in the Municipal Court, Albert asserted that the decision of the Civil Service Commission was incorrect because it was based on an incorrect standard of proof. However, Albert argued in his brief before the Municipal Court that the city of Springfield had the burden of proof by a preponderance of the evidence. He did not raise the constitutional claims asserted here.

A party is not entitled to raise arguments on appeal that he could have raised, but did not raise, before the administrative agency, *Shamrock Liquors, Inc.* v. *Alcoholic Beverages Control Comm'n*, 7 Mass. App. Ct. 333, 335 (1979), nor is a party entitled to review of an issue not presented in the

---

[3]Section 43 of G. L. c. 31, was recently amended by St. 1981, c. 767, § 20, to read: "If the commission by a preponderance of the evidence determines that there was just cause for an action taken against such person it shall affirm the action of the appointing authority . . . ."

court below. *First Nat'l Bank* v. *Haufler*, 377 Mass. 209, 211 (1979). *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956). Although "[t]here may always be *exceptional* cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below" (emphasis added), *Hormel* v. *Helvering*, 312 U.S. 552, 557 (1941), the rule that an issue need not be considered for the first time on appeal "has particular force where the other party may be prejudiced by the failure to raise the point below." *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977).

Albert does not cite any case holding that due process requires that a government employee, who has been discharged, receive a hearing in which the government must prove its case by more than a preponderance of the evidence, nor are we persuaded of the likelihood that the commission's decision would have been different if a higher standard of proof were required. Also, even if the hearings officer is presently available, a fact not disclosed by the record, she cannot reasonably be expected to reevaluate the credibility of witnesses who testified before her nearly five years ago, in the light of a more rigorous standard of proof. If a new hearing were required, it is likely that the appointing authority would be unfairly prejudiced due to the necessity of again locating witnesses whose memories at this late date would be, arguably at least, unreliable.

The case is remanded to the Supreme Judicial Court for the county of Suffolk, where a judgment is to be entered denying relief in the nature of certiorari.

*So ordered.*