IRVING GORDON & another[1] *vs*. STATE BUILDING CODE
APPEALS BOARD[2] & another.[3]

No. 06-P-695.

Essex. March 5, 2007. - August 30, 2007.

Present: GELINAS, COWIN, & GRAHAM, JJ.

*State Building Code,* Residential condominium. *Practice, Civil,* Appeal,
Standing. *Jurisdiction,* Administrative matter. *Notice.*

In an action for judicial review of a decision of the State building code appeals
board (board) granting to a certain condominium unit owner (intervener) a
variance for the installation of a chairlift in a common area of the building,
the Superior Court judge properly allowed the motion for judgment on the
pleadings brought by the plaintiffs (two individual unit owners), where the
intervener's failure to appeal the building commissioner's initial notice of
violation to the board within forty-five days of receiving that notice pursuant
to G. L. c. 143, § 100, deprived the board of authority to grant relief in the
circumstances, notwithstanding the board's service of the notice of violation
to the intervener by regular mail, rather than by registered or certified mail, a
trivial error with no resulting prejudice to the intervener [15-20]; further,
neither the intervener's contention regarding the plaintiffs' lack of standing
nor her argument concerning her own lack of notice of the complaint were
meritorious [20-21].

CIVIL ACTION commenced in the Superior Court Department on
April 22, 2003.

The case was heard by *Howard J. Whitehead,* J., on a motion
for judgment on the pleadings.

*Carl D. Goodman* for the intervener.

*Stuart M. Holber* for the plaintiffs.

COWIN, J. The plaintiffs, Irving Gordon and Harold Mack,
sought judicial review, see G. L. c. 30A, § 14, of a decision of
the defendant, the State building code appeals board (the board),

---

[1]Harold Mack.

[2]The State building code appeals board did not participate in the appeal.

[3]Pamela Stavis, intervener.

wherein the board granted the intervener, Pamela Stavis, a variance from applicable provisions of the State building code so that she could install and maintain a chairlift in the rear entrance of a six-unit condominium in Salem. A judge of the Superior Court allowed the plaintiffs' motion for judgment on the pleadings, see Superior Court Standing Order 1-96, and reversed the decision of the board on the ground that Stavis had not appealed to the board within the time allotted by G. L. c. 143, § 100.

Stavis appealed, arguing that (1) her failure to file her appeal with the board within the statutory time limit was excused because improper service of the order from which she appealed meant that the time period for appealing never commenced to run; (2) the plaintiffs lacked standing to seek relief; (3) the plaintiffs failed to serve their complaint for judicial review within the time permitted by Mass.R.Civ.P. 4(j), as appearing in 402 Mass. 1401 (1988); and (4) the grant of a variance by the board was supported by substantial evidence. We agree with the motion judge that Stavis's untimely filing with the board deprived that agency of authority to grant relief in the circumstances, and that its decision granting a variance from the provisions of the State building code must be vacated.

1. *Background.* The material history of the case is not disputed. Stavis acquired a second-floor unit at the Salem condominium. Afflicted with muscular dystrophy, she obtained the permission of the condominium developer to install a chairlift in a common stairwell leading to the rear exit of the building. She also received informal advice from the city building department that the contemplated installation would not offend the State building code.

Subsequent to installation of the chairlift, the acting building commissioner wrote to Stavis and, acknowledging that he had previously advised that the chairlift installation was permissible, stated that he had since determined that the installation violated the code and would have to be removed "as soon as possible." The letter is undated. However, the record shows that, on October 30, 2002, the building commissioner forwarded the letter to Stavis by regular mail while simultaneously faxing a copy there-

of to the condominium property manager, and the board determined that notice was in fact sent in October, 2002.[4]

Stavis appealed to the board on January 12, 2003. Notice that a hearing would be conducted on February 25, 2003, was given to Stavis and to the building commissioner. Following the hearing, at which the building commissioner supported Stavis's appeal, the board granted her application for a variance by a decision dated March 24, 2003. Asserting that they had received inadequate notice of the hearing, the plaintiffs, who are owners and occupants of units on the third floor of the condominium, successfully petitioned the board to permit them to intervene and to present evidence in connection with Stavis's appeal. A rehearing at which all parties were present was conducted by the board on July 15, 2003. The board did not hear the matter de novo, but instead essentially restricted itself to hearing from the plaintiffs why they objected to the original decision. The board refused to consider the plaintiffs' contention that Stavis's appeal was untimely.[5] On August 18, 2003, the board affirmed its earlier decision granting Stavis a variance.

The plaintiffs thereafter filed a complaint for judicial review of the board's decision. See G. L. c. 30A, § 14. In their complaint and in a subsequent amended complaint, the plaintiffs named only the board as a defendant. Following the filing of the administrative record and the plaintiffs' motion for judgment on the pleadings, a judge allowed the motion and entered a judgment vacating the board's decision. Stavis, asserting that she had not been notified of the Superior Court proceedings, moved to intervene and prayed that the judgment reversing the board be

[4]On her appeal application form, Stavis referred to the order in question as dated December 10, 2002. Nothing else in the record suggests that anything relevant occurred on December 10, 2002, and she was unable to explain the date when questioned about it at the board hearing. The board permissibly relied on other evidence that demonstrated that the building commissioner sent his letter in October, 2002.

[5]The chairman of the board, while acknowledging that the appeal was late, stated: "[I]f we were to follow that, I think, how many of these would be thrown out immediately. Quite a few . . . I don't think the opinion of the Board should be privy to that information. . . . I don't think it's gonna change the opinion of the Board. . . . I don't think that the opinion of the facts as the case heard change within a fifteen day, forty-five day, sixty day, seventy-five day or ninety days. I don't think that changes the facts."

vacated and that the complaint be dismissed. A second judge agreed that Stavis had been entitled to notice of the judicial review; allowed her motion to intervene and to vacate the judgment; but denied her motion to dismiss. The matter was returned to the original judge, who conducted a new hearing in which Stavis participated, and then again entered judgment reversing the board. Stavis's timely appeal brings the case to this court.

2. *Discussion.* The central issue is whether Stavis's appeal to the board was timely. The question is governed initially by G. L. c. 143, § 100, inserted by St. 1984, c. 348, § 10, which provides that "[w]hoever is aggrieved by an interpretation, order, requirement, direction or failure to act by any state or local agency or any person or state or local agency charged with the administration or enforcement of the state building code or any of its rules and regulations . . . may within forty-five days after the service of notice thereof appeal from such interpretation, order, requirement, direction, or failure to act to the appeals board." The letter of the building commissioner directing that the chairlift be removed undoubtedly qualified as an appealable "interpretation, order, requirement, [or] direction." In addition, as set forth above, the board's view that the letter was sent by the end of October, 2002, is supported by the evidence. It should be noted as well that Stavis has never claimed to be ignorant of the letter, and she has in fact resisted its mandate through the administrative process and in two courts.

Stavis did not appeal to the board until January 12, 2003, well after the forty-five days from the sending of the letter of the building commissioner. She argues, however, that her attempt to obtain relief from the board was not time barred because proper service of the directive was never effected, and thus the limitations period for filing an appeal to the board never commenced (and therefore, logically, could not have expired). She bases this proposition on the reference in G. L. c. 143, § 100, to the right to appeal within forty-five days "after the service of notice" of the decision to be reviewed, and argues that "service of notice" for this purpose could not be accomplished by ordinary mail.

Stavis relies in this regard on the provisions of the State building code, specifically those in 780 Code Mass. Regs. § 118.6 (1997), that provide that notices or orders issued under

the code shall be served personally; by registered or certified mail (if the responsible party is within the Commonwealth); by use of a person authorized to serve civil process who leaves a copy of the notice or order at the responsible party's last and usual place of abode; or, where such last and usual place of abode is unknown, by publication and posting at the property in question.[6] The applicable regulation does not provide for service by ordinary mail. Thus, Stavis's argument continues, the building commissioner's mailing of the notice did not constitute service, and the limitations period of forty-five days never commenced.

The proposition requires that we determine that, where a notice of violation was issued, the notice was received by the responsible party, and the responsible party sought and obtained relief at the administrative level, that party may attack a subsequent judicial determination that relief was time barred by asserting that the notice of violation effectively never existed because it was not properly served. The motion judge dealt with the contention by correctly refusing to consider it on the ground that the alleged defect in notice had not been raised before the board. Indeed, Stavis took the opposite position at that level, being perfectly willing to have the board exert jurisdiction with respect to the notice and successfully seeking a reversal of the order to remove the chairlift. "A party is not entitled to raise arguments on appeal that he could have raised, but did not raise, before the administrative agency." *Foxboro Harness, Inc.* v. *State Racing Commn.*, 42 Mass. App. Ct. 82, 85 (1997), quoting from *Albert* v. *Municipal Ct. of Boston*, 388 Mass. 491, 493 (1983). The plaintiffs preserved their objection on this ground in the Superior Court. Contrast

---

[6]The regulation in question provides in full: "Every notice or order authorized by 780 [Code Mass. Regs.] shall be in writing and shall be served on the person responsible: 1. personally, by any person authorized by the building official; or 2. by any person authorized to serve civil process by leaving a copy of the order or notice at the responsible party's last and usual place of abode; or 3. by sending the party responsible a copy of the order by registered or certified mail return receipt requested, if he is within the Commonwealth; or 4. if the responsible party's last and usual place of abode is unknown, by posting a copy of this order or notice in a conspicuous place on or about the premises in violation and by publishing it for at least three out of five consecutive days in one or more newspapers of general circulation wherein the building or premises affected is situated."

*Niles* v. *Boston Rent Control Administrator*, 6 Mass. App. Ct. 135, 151-152 (1978).

Considering Stavis's proposition on the merits, we conclude that she is not entitled to relief from the statutory time bar. The only defect in procedure arose from the fact that the building commissioner's notice, acknowledged to have been received, was sent by ordinary mail. The case thus turns, in our view, on whether that defect deprived the board of jurisdiction to act on the appeal. If so, Stavis's appeal was a nullity; the board was without power to grant relief; and Stavis's right to appeal an adverse order of the building department remained available if and when the building commissioner properly served his notice. If not, then Stavis's invocation of the board's appellate authority constituted a waiver of any objection she might have had to the method of service of the order. We hold that the defect did not affect the jurisdiction of the board.

Our position in this regard is supported by the principles underlying the treatment of defective notices in other contexts. Even statutory provisions governing notice (as opposed to the provisions in the present case which are incorporated in a regulation) exist largely to enhance the likelihood that interested parties will, in fact, know of a proceeding that may affect their interests, and to provide ways in which to determine whether such notice has been given. Speaking in the context of a foreclosure proceeding, we have said, with respect to the requirements of newspaper publication and registered mail notice, see G. L. c. 244, § 14, "[t]he main purpose of both, however, is to provide notice to those affected by the foreclosure sale and to facilitate proof of notice." *Hull* v. *Attleboro Sav. Bank*, 33 Mass. App. Ct. 18, 22 (1992). We determined that the purposes of the notice requirement "were fully achieved as to the plaintiff because he had actual notice of the sale at least seven days before the scheduled date, and the bank had proof of it." *Ibid.*

On various subjects, it has been concluded that notice requirements are not deemed jurisdictional where "the party claiming to be aggrieved by the board's action knew of the proceedings and was not prejudiced by whatever defect there was in the notice." *Bonan* v. *Board of Appeal of Boston*, 21 Mass. App. Ct. 678, 684 (1986). Thus, in connection with a zoning appeal, an

applicant for a special permit violated a requirement of G. L. c. 40A, § 9, by failing to file the application with the town clerk. See *Roberts* v. *Southwestern Bell Mobile Sys., Inc.*, 429 Mass. 478, 492 (1999). The application had been filed with the planning board; it became available for inspection in the town clerk's office thereafter; and the abutters did not claim that they were prejudiced by the procedural defect. *Ibid.* Stating that not every failure to follow precisely the procedural requirements of G. L. c. 40A is a jurisdictional defect, the court ruled that the mistake did not deprive the board of the power to act. *Ibid.* To like effect, see *Richardson* v. *Zoning Bd. of Appeals of Framingham*, 351 Mass. 375, 376-377 (1966), wherein the court concluded that a failure to comply with the requirement of G. L. 40A, § 21, that a copy of the board's decision certified by the town clerk be attached to the bill in equity was not fatal where use of a photostatic copy of a certified copy accomplished the same purpose.

While the above cases involved various departures from procedural requirements by parties, we have applied similar consideration to procedural failures by agencies. In *Kramer* v. *Zoning Bd. of Appeals of Somerville*, 65 Mass. App. Ct. 186, 195 (2005), we held that, where the board failed to give notice to an abutter of a hearing on an application for a special permit, the ninety-day period for an appeal under G. L. c. 40A, § 17, did not commence to run until the aggrieved party became aware of the project to which he objected. We did not view the defect as one that deprived the board of jurisdiction, observing that "[a] more flexible rule has been applied in situations where a municipal body failed to deliver notice precisely as required by statute, but still provided notice adequate to allow abutters to attend the hearing." *Ibid.*

In other cases, we have identified the principal consideration in evaluating the effect of technical notice failures by agencies to be whether a party has been prejudiced thereby. "Successful attack on a board's decision, in the face of actual notice but in the absence of statutorily required notice, should be restricted to circumstances where prejudice is demonstrated." *Chiuccariello* v. *Building Commr. of Boston*, 29 Mass. App. Ct. 482, 486 (1990). See *Kasper* v. *Board of Appeals of Watertown*, 3 Mass.

App. Ct. 251, 257-258 (1975) ("There was nothing in the evidence to suggest that the plaintiff was prejudiced in any way by the board's failure to send him written notice"). Thus, we focused not on the possibility that a defective notice might deprive the agency of jurisdiction, but rather on whether a party's rights had been affected in a meaningful way by the manner in which the agency exercised that jurisdiction.

We believe that questions of this nature are best decided in the spirit of the distinctions set forth by Justice Kaplan in *Schulte v. Director of the Div. of Employment Security*, 369 Mass. 74, 79-80 (1975), and that the distinctions apply whether the procedural error is that of an agency or a party. Thus, in dealing with a trivial error in the institution of an appeal from a denial of employment security benefits, see G. L. c. 151A, § 42,[7] the court stated that "a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. A prime example is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule." *Id.* at 79. In such circumstances, it may safely be said that the departure from the procedural requirement has a substantive effect on the authority of the tribunal to act on the subject matter.

By contrast, "[w]ith respect to other slips in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." *Id.* at 80. We have little difficulty in determining that the slip in this case, i.e., the sending of notice by regular rather than by certified mail, with no resulting prejudice to the recipient, cannot reasonably be deemed such a vital departure from regularity that it negated every action taken thereafter. Put differently, we conclude that a failure of this kind, whether attributable to an agency or a party, may provide a basis for relief in the event of prejudice, but it does not deprive

---

[7]The deviation in question was that the return day on the order of notice did not fall after the expiration of twenty-eight days from the date of filing of the petition for review. *Id.* at 77.

the agency of jurisdiction. See *Cohen* v. *Board of Registration in Pharmacy*, 347 Mass. 96, 98-99 (1964).

It follows that Stavis's failure to file a timely appeal was not excused by the provisions of 780 Code Mass. Regs. § 118.6 regarding notice. We acknowledge that the technical notice defect could have had a more significant effect if the city had attempted to enforce the improperly served notice. Here, however, it was not the municipality, but rather the affected party, Stavis, who, without objection to the method by which the order was communicated, invoked an available procedure in an effort to obtain relief from it. Having sought the remedy, and having demonstrated no prejudice, she cannot now be heard to say that the conditions for granting relief should not be applied to her appeal. We are thus left with the established fact that she did not appeal within forty-five days of receipt of the order that she contests. Her remedy was created by statute, and that statute's limitations period controls. See *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 552 (1966). Nothing in the record suggests that Stavis ever requested that the board extend the time for an appeal. See 801 Code Mass. Regs. § 1.01(4)(e) (1998) ("All requests for extensions of time shall be made by motion before the expiration of the original or next previous extended time period"). We note also that the assistant attorney general who represented the board in the Superior Court acknowledged by letter to the motion judge after oral argument that the board may have lacked jurisdiction to hear Stavis's appeal.

We address briefly Stavis's remaining contentions. Contrary to her position that only the condominium association had standing to complain about an obstruction in a common area, for which proposition she relies on G. L. c. 183A, § 10(*b*)(4), the association's right under that section to proceed exclusively to protect unit owners' common rights does not prevent individual unit owners from asserting claims relating to their individual rights even though such claims may arise from something that takes place in a common area. See *Cigal* v. *Leader Dev. Corp.*, 408 Mass. 212, 214-215 (1990). Contrast *id.* at 217-218; *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. 442, 445 (1994) (association only party with standing to pursue litigation involving common areas that will benefit all unit owners).

Notice of the plaintiffs' complaint for judicial review should have been given to Stavis as an interested party. See G. L. c. 30A, § 14(2), inserted by St. 1976, c. 411, § 2 ("Service shall be made upon the agency and each party to the agency proceeding"). However, the defect was cured by virtue of the fact that the Superior Court judgment that entered without Stavis's knowledge was vacated; Stavis was granted leave to intervene; and she participated fully in the proceeding thereafter. There was no prejudice.

In light of our conclusion that the board was without jurisdiction to consider Stavis's appeal, it is unnecessary to address whether its decision in her favor was supported by substantial evidence. See G. L. c. 30A, §§ 1(6), 14(7)(*e*). We observe, however, that any review of the record that we might have conducted would certainly have been influenced by the manner in which the board conducted the proceeding, including its failure to hold a true de novo hearing with the burden of proof properly allocated to the applicant; its refusal to acknowledge a statutorily-imposed limitations period; its unreasonable limiting of cross-examination; its lack of courtesy to the plaintiffs; and its apparent prejudging of the case.

*Judgment affirmed.*