The plaintiff appeals from a Superior Court judgment dismissing his complaint as claim precluded based on a prior judgment of a Federal court in Maryland dismissing his complaint against the same defendant. We affirm the judgment based on the rationale set forth in the motion judge's thorough and well-reasoned memorandum of decision. Contrary to the plaintiff's contention on appeal, the complaint was dismissed based on claim preclusion, not issue preclusion, and the judge correctly ruled that claim preclusion, in contrast to issue preclusion, does not depend on a particular issue having been "actually litigated" in the prior case.
The plaintiff's brief suggests in passing that the complaint-screening statute for an action proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) (2012), under which his Federal complaint was dismissed, unconstitutionally discriminates on the basis of a litigant's economic status. There is no indication that he made such an argument in the Superior Court, and therefore the argument is waived. See Albert v. Municipal Ct. of Boston, 388 Mass. 491, 493-494 (1983). Nor does the plaintiff's one-sentence mention of the issue in his appellate brief meet the requirements for a developed argument set forth in Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 540 (2014). He is not entitled to relief on this ground.
Judgment affirmed.