Ariana Murrell-Rosario appeals from a Superior Court judgment that dismissed her appeal from the defendant board's decision. We affirm but on grounds different than those upon which the Superior Court judge relied. See Hawthorne's, Inc. v. Warrenton Realty, Inc., 414 Mass. 200, 210 n.6 (1993) ("Even though our legal analysis differs from that of the judge, we are free to adopt different reasoning and affirm a judgment on grounds not specifically relied upon by the judge").
In 2008, the inspector of wires for the city of Lynn observed that Murrell-Rosario had, without permit or inspection, see G. L. c. 143, § 3L, pars. 4-5, connected electric power to her garage. In November, 2008 (and again in April, 2009), the inspector ordered Murrell-Rosario to disconnect the power. Murrell-Rosario complied but later, after the disconnect work had been inspected and approved, she reconnected the power (again in violation of § 3L ).
In 2015, the inspector received information that Murrell-Rosario had reconnected her garage's electric power. On May 12, 2015, the inspector sent a letter to Murrell-Rosario ordering her to disconnect the power. Murrell-Rosario did not comply. Instead, in February, 2016, about nine months later and after receiving a follow-up letter from the inspector, Murrell-Rosario filed an appeal to the board. The board upheld the inspector's order on the ground, among others, that Murrell-Rosario's appeal was untimely.
A person "aggrieved by a notice, interpretation, order, requirement or direction of an inspector of wires ... may, within ten days after the service of notice thereof, appeal therefrom, to the board of electricians' appeals." G. L. c. 143, § 3P. As the board recognized, Murrell-Rosario filed her board appeal more than 280 days after she received the inspector's May 2015 order. As such, Murrell-Rosario's appeal was untimely and the board properly concluded that it could not reverse the inspector's decision whatever its merits. See id. Compare Gordon v. State Bldg. Code Appeals Bd., 70 Mass. App. Ct. 12, 13, 15 (2007). Murrell-Rosario does not argue otherwise.[3]
In light of the foregoing, we need not consider Murrell-Rosario's remaining arguments.
Judgment affirmed.

Indeed, Murrell-Rosario specifically asserts in her brief that the board "did not have subject matter jurisdiction to render a decision on the electrical wire at issue" and that § 3P"does not grant discretionary authority to the board to decide waiver of the appeal deadline."