NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1092

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 523378

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2020, the Sex Offender Registry Board (SORB) classified John Doe as a level three (high risk) offender, requiring active dissemination and Internet publication of his registry information.  Doe filed a complaint in the Superior Court to review the classification, and a judge affirmed SORB's decision. Doe now appeals to this court, arguing that the hearing examiner abused her discretion in determining that he is a level three offender.  Because many of Doe's arguments are waived, and we otherwise discern no abuse of discretion, we affirm.

Background.  1.  Sex offense.  In 1998, Doe approached a woman on the street and offered to pay her for sex.  After she refused, he pulled her into a nearby woods, threatened her, and raped her.  The woman then went to a hospital where she reported the rape and a semen sample was secured.  In 2012, police

matched the semen sample with Doe's deoxyribonucleic acid (DNA). Doe was subsequently arrested, convicted, and sentenced to serve ten to twelve years in State prison.

2. SORB classification. In 2020, SORB classified Doe as a level three offender, which was supported by a review and written findings of a hearing examiner (the examiner). In supporting the level three classification, the examiner applied seven risk aggravating factors, including factors 7 (relationship between offender and victim), 8 (weapons, violence, or infliction of bodily injury), 9 (alcohol and substance abuse), 10 (contact with criminal justice system), 11 (violence unrelated to sexual assault), 15 (hostility toward women), and 19 (level of physical contact). The examiner also applied two risk mitigating factors, including factors 30 (advanced age) and 32 (sex offender treatment). See 803 Code Mass. Regs. § 1.33 (2016).

After the initial classification, Doe sought review from a Superior Court judge. That judge affirmed the examiner's classification, and this appeal followed.

Discussion. A level three classification is warranted if "the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination [of the offender's registration information]." G. L. c. 6, § 178K (2) (c). "A

2

reviewing court will not disturb SORB's decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of SORB's authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014) (Doe No. 68549), citing G. L. c. 30A, § 14 (7). "'Substantial evidence' is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe No. 68549, supra at 109, quoting G. L. c. 30A, § 1 (6).

"The court must 'give due weight to [SORB's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it.'" Doe No. 68549, 470 Mass. at 109, quoting G. L. c. 30A, § 14 (7). "A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe No. 68549, supra at 109-110. Our review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an examiner, but only whether a contrary conclusion is not merely a possible but a necessary inference. See id. at 110.

3

1.  Application of risk aggravating factors.  For the first time on appeal, Doe argues that the examiner incorrectly applied several[1] aggravating factors to the facts of this case.  These claims are waived because they were not argued at the Superior Court.  "Failure to raise an issue before an appointing authority, an administrative agency, and a reviewing court precludes a party from raising it on appeal."  Springfield v. Civil Serv. Comm'n, 469 Mass. 370, 382 (2014).

Doe contends that he did raise issues with the examiner's application of six of the factors, either at the SORB hearing or in the Superior Court.  However, for each of the risk aggravating factors, the only issue raised in Doe's brief that was also raised in the Superior Court concerns the specificity of the weight assigned to each factor.  See section 2, supra. Any other arguments about the application of the factors to Doe's case were not made in the Superior Court and are waived, regardless of the merits.  See Rhea R. v. Department of Children & Families, 96 Mass. App. Ct. 820, 823 n.7 (2020).  See also Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) (party not "entitled to review of an issue not presented in the court below").

---

[1] Factors 7 through 11 and 15.

4

Even were we to consider these claims on the merits, it would not change our decision. The victim was a stranger to Doe, as established by her statements, which the hearing examiner was entitled to credit; factor 7 therefore was appropriately applied. The examiner appropriately applied factor 8 because there was evidence that Doe threatened to beat the victim during the rape. Factor 9 was appropriately applied because Doe told police he used to use drugs around the time of the rape. Doe had extensive criminal convictions, some which included violence; therefore factors 10 and 11 were appropriately applied. Lastly, factor 15 was appropriately applied because Doe had two abuse prevention orders taken out on separate occasions by two women.

2. Weight applied to the factors. Doe also argues that the examiner failed to assign weight to each factor. However, the regulations do not require that an examiner assign specific weight to each factor at a classification hearing. An examiner's classification decision must "show that the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex." Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012). Here, the examiner showed she did this by explaining her application of each regulatory factor and evidence on which

5

it was based.  She then explained how she weighed and balanced these factors in her assessment of Doe's risk of reoffense, degree of dangerousness, and the public safety interest served by Internet publication.  Thus, there was no error.[2]

   3.  Conclusion.  Concluding that Doe waived his arguments as to the application of the regulatory factors, and that the examiner did not otherwise abuse her discretion, we affirm.

Judgment affirmed.

By the Court (Massing,
   Hershfang & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  March 29, 2023.

---

[2] Doe also argues the examiner failed to explain with specificity how Doe's advanced age decreased his risk of recidivism.  The examiner acknowledged Doe's age and stated Doe "gain[ed] benefit from this mitigating [f]actor."  She also balanced the mitigating factors, including Doe's advanced age, against the aggravating factors and found Doe "is at a high risk to reoffend that is not reduced by his mitigating factors."  There was no abuse of discretion.
[3] The panelists are listed in order of seniority.