NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-621

IN THE MATTER OF NEIL ERNEST SIMONI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Elsbeth L. Simoni (petitioner) appeals from a Probate and Family Court decree dismissing without prejudice her petition for guardianship of an incapacitated person, her father Neil Ernest Simoni (respondent). The petitioner also seeks to challenge a judge's order allowing, in the amount of $4,704.81, the respondent's motion for attorney's fees incurred in defending against the petition. After this appeal was briefed and taken under panel consideration, the petitioner reported that the respondent had died on May 19, 2023, and successor counsel for the respondent filed a suggestion of the respondent's death.

We conclude that the appeal from the decree dismissing the guardianship petition is moot. We decline, however, to conclude that the appeal from the order for attorney's fees is moot. That order, if affirmed, may be enforceable by the respondent's

estate.  Without ruling on the enforceability issue, which has not been briefed, we affirm the order itself.

Background.  We recount only the background necessary to understand the appellate issues regarding the order for attorney's fees.  After the respondent moved to dismiss the petition, he also moved for fees pursuant to G. L. c. 215, § 45, and G. L. c. 231, § 6F.  On March 31, 2022, the judge ordered both motions allowed, but those orders were not docketed until April 15, 2022, the day the decree of dismissal was issued.[1]  That same day, the petitioner filed three documents:  a notice of appeal, listing only the dismissal of the guardianship petition; an affidavit "in support of filing for [a]ppeal" arguing that the fee award was erroneous; and a motion for relief from the fee award.  The judge denied that motion on May 5, 2022.  The petitioner did not file another notice of appeal.

Discussion.  1.  Propriety of appeal.  We are unpersuaded by the respondent's arguments that the appeal from the attorney's fee order is not properly before us.  First, although the respondent is correct that the notice of appeal did not

_____

[1] The judge's order allowing the fee motion did not identify the statutory basis for ordering fees.  Because the order did not make the findings required by G. L. c. 231, § 6F, we treat the order as issued pursuant to G. L. c. 215, § 45.  We note that an appeal of any order for fees under G. L. c. 231, § 6F, would have been to a single justice of this court and thus would not be properly before us.  See G. L. c. 231, § 6G.

2

designate the fee order as a subject of the appeal, see Mass. R. A. P. 3 (c) (1), as appearing in 481 Mass. 1603 (2019), the accompanying affidavit made sufficiently clear the self-represented petitioner's intention to appeal the fee order as well. Some imprecision in designating the judgment, order, or decree appealed from may be overlooked if circumstances warrant. See Youghal, LLC v. Entwistle, 484 Mass. 1019, 1021 (2022); Guardianship of Kelvin, 94 Mass. App. Ct. 448, 451 n.8 (2018). The respondent identifies no prejudice from the failure of the notice of appeal to designate the fee order, and the respondent's brief addresses the merits of the appeal from that order. See Fazio v. Fazio, 91 Mass. App. Ct. 82, 84 n.7 (2017).

Second, the respondent argues that the petitioner's motion for relief from the fee award, viewed in light of Mass. R. A. P. 4 (a) (2), and 4 (a) (3), as appearing in 481 Mass. 1606 (2019), rendered the notice of appeal of no effect, meaning that a new notice of appeal was required to be filed after that motion was denied on May 5, 2022. Although the petitioner did not then file a new notice of appeal, no action had been taken on her appeal before the motion was denied, and therefore we treat the notice of appeal as effective. See Tocci Bldg. Corp. v. IRIV Partners, LLC, 101 Mass. App. Ct. 133, 136 n.5 (2022), citing Roch v. Mollica, 481 Mass. 164, 165 n.2 (2019).

2.  Merits of fee award.  Under G. L. c. 215, § 45, "[i]n contested cases before a probate court . . . costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other . . . as justice and equity may require."  This language "establish[es] a broad standard, one that certainly reaches beyond bad faith or wrongful conduct," and "an award of costs and fees by a judge in the Probate Court under § 45 may be presumed to be right and ordinarily ought not to be disturbed" (quotation and citation omitted).  Matter of Estate of King, 455 Mass. 796, 805 (2010).  We review the fee award for abuse of discretion.[2]  See id.

a.  Liability for fees.  The respondent's motion asserted that fees were warranted because the guardianship petition was defective in three significant respects.  First, it failed to include a medical certificate attesting to the respondent's incapacity.[3]  Second, it did not disclose the existence of a

_____

[2] Section 45 is generally "limited to matters relating to wills, estates, and trusts."  Matter of Estate of King, 455 Mass. at 803, citing United Tool & Indus. Supply Co. v. Torrisi, 359 Mass. 197, 197-199 (1971).  See Howe v. Tarvezian, 73 Mass. App. Ct. 10, 16-17 (2008) (partition proceedings).  In United Tool & Indus. Supply Co., supra at 199, the court held that section 45 "is to be construed with the provisions of G. L. c. 215, §§ 39A and 39B."  General Laws c. 215, § 39A, provides in pertinent part that a probate court judge may order the payment of attorney's fees in "estate" cases, and "[f]or the purposes of [that] section, the term 'estate' shall be deemed to include . . . guardianships."
[3] The petitioner filed a motion for leave to file a medical affidavit at a later time, with supporting affidavit, but the

4

valid durable power of attorney -- which nominated the respondent's other daughter as his guardian should one become necessary -- and a valid health care proxy for the respondent. See G. L. c. 190B, § 5-303 (b) (8)-(9).  Third, the petition was filed immediately after and in retaliation for the respondent's removal of the petitioner as a trustee of a family trust.

On this record, the judge could reasonably have found that the petition suffered from each of the three stated defects. The judge could also reasonably have concluded that, even if the petition was not "wholly unsubstantial, frivolous, and advanced in bad faith" as the fee motion argued, "justice and equity" required that the petitioner, not the respondent, should pay the costs of defending against it.  G. L. c. 215, § 45.

b.  Amount of fees.  The fee motion was supported by counsel's affidavit and detailed time records and sought $6,269.81 in attorney's fees and costs.[4]  This sum represented $4,269.81 already incurred as of the date of the motion in opposing the guardianship petition, plus $2,000 in anticipated fees to prepare for and attend the guardianship hearing, which had not yet occurred.  The amount allowed by the judge,

---

judge could have concluded that the motion and affidavit asserted no sound basis for the petitioner's failure to obtain an affidavit before filing the petition.  See G. L. c. 190B, § 5-303 (b) (11).

[4] Because the costs requested totaled only $19.81, for simplicity we have used the term "fees" to encompass costs as well.

$4,704.81, appears to correspond to the $4,269.81 already incurred, plus $435, which was lead counsel's customary rate for one hour of work.

The petitioner advances four arguments as to why the fee award was improper in whole or in part; none of them is persuasive.  First, she asserts that the fees were excessive, in violation of Mass. R. Prof. C. 1.5, as amended, 480 Mass. 1315 (2018).  She did not make this argument in her opposition to the fee motion, and thus we need not consider it.  See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) (arguments not made in trial court waived on appeal).  In any event, based on our review of the record and the eight factors set forth in Mass. R. Prof. C. 1.5 (a), the judge could reasonably have found that neither the amount sought nor the amount she awarded was excessive.

Second, the petitioner asserts that the respondent was indigent and of diminished capacity and thus attorney's fees should have been waived.  But the petitioner cites no authority and no reasons in support of this assertion.  Her passing reference to Mass. R. Prof. C. 1.14, as amended, 471 Mass. 1305 (2015), concerning clients with diminished capacity, does not constitute acceptable appellate argument, and we do not consider it further.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in

6

481 Mass. 1628 (2019).  See also Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020).

Third, the petitioner asserts that certain charges set forth in the respondent's prior counsel's billing records were not compensable.  She claims that because counsel's invoice bore the notation "[e]state [p]lanning," the charges detailed on the attached time records were unrelated to the guardianship petition.  The billing records themselves, however, plainly referred to that petition in nearly every entry.[5]  The petitioner also asserts that two entries on the time records, involving a paralegal's communications with the Millis police department regarding a restraining order, and totaling $117.50, are unrelated to the guardianship petition and not compensable.  The judge was entitled to reject this argument, in light of prior counsel's representation at the motion hearing that her law firm had attempted to obtain a copy of the order "in conjunction with these proceedings," i.e., the guardianship petition.

---

[5] The petitioner similarly claims that the billing records include an entry for an October 12, 2021 telephone call with the respondent's other daughter regarding "financial estate planning."  The entry in question actually refers to a call with that daughter, who held the respondent's power of attorney, "to discuss proceeding with matter, and financial issues."  The judge could reasonably conclude that the telephone call concerned responding to the guardianship petition and the financial issues the response raised.

7

Finally, the petitioner asserts that the respondent's prior counsel, in opposing the petitioner's motion for relief from the fee order, moved to impound certain financial information, in order to "intimidate" the petitioner "and to amass expenses." To the extent this assertion is intended as an argument that the fee request was improperly inflated, it suffices to say that no charges for preparing the impoundment motion were included in the fee request. To the extent the assertion is intended to support the petitioner's attack on the respondent's prior counsel as having acted improperly or unethically or engaged in "financial exploitation" of the respondent, the petitioner did not make this argument to the judge, and thus it is waived. See Albert, 388 Mass. at 493-494. Nor does the petitioner's attack merit any further discussion, let alone action, by this court.

Conclusion. Insofar as the appeal challenges the decree dismissing the guardianship petition, the appeal is dismissed as moot.[6] The order that the petitioner pay the respondent

---

[6] Ordinarily, when a case becomes moot on appeal, an appellate court will "vacate the [judgment, order, or decree] appealed from with a notation that the decision is not on the merits, and remand the case to the [lower court] with directions to dismiss the action." Blake v. Massachusetts Parole Bd., 369 Mass. 701, 708 (1976). Here, however, where the decree simply dismissed the petition, without prejudice and without stating any reason, we see no need to vacate it.

8

$4,704.81 in attorney's fees is affirmed.[7]

So ordered.

By the Court (Neyman, Sacks &
  Hodgens, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered: August 24, 2023.

---

[7] The respondent's request for appellate attorney's fees is
denied.

[8] The panelists are listed in order of seniority.