NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-128

LESLIE MERCADO

vs.

DEPARTMENT OF CHILDREN AND FAMILIES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Leslie Mercado, appeals from a Superior Court judgment dismissing her complaint for damages and other relief against the defendant, the Department of Children and Families (department or DCF), for failure to state a claim upon which relief may be granted.  Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  The allegations of the complaint are disturbing, but somewhat unclear.  On appeal the plaintiff argues that DCF (1) was negligent in its care of her while she was in its custody, (2) violated her civil rights, and (3) failed to provide her with her records.  She further argues that the motion judge erred by failing to consider her opposition to DCF's motion to dismiss.  We affirm the judgment.

*Discussion*.  We review the sufficiency of the plaintiff's complaint de novo, taking as true its factual allegations and drawing all reasonable inferences in her favor.  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "[W]e look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief."  Id., citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008).  In doing so, we consider, among other things, exhibits attached to the complaint.  Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).  We are mindful that "there is no requirement that a complaint state the correct substantive theory of the case," and that "[a] complaint is not subject to dismissal if it would support relief on any theory of law" (citation omitted).  Gallant v. Worcester, 383 Mass. 707, 709-710 (1981).

1.  *Tort claims*.  The plaintiff's complaint alleges that DCF negligently failed to care for her while she was in DCF custody, by placing her in danger, failing to provide a safe and nurturing environment, and allowing continued sexual and physical abuse.  With her complaint, the plaintiff includes a personal narrative in which she recounts being subjected to physical, emotional, and sexual abuse in one foster home, and rape in a later foster home.  DCF does not address the veracity of these troubling allegations but instead argues that the

2

plaintiff's claims fail for lack of proper presentment and are untimely.

We first address the tort claims that are not premised on sexual abuse of a minor. The Massachusetts Tort Claims Act provides in pertinent part that "[a] civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer." G. L. c. 258, § 4. "An oft-recited proposition is that presentment must be made 'in strict compliance with the statute.'" Martin v. Commonwealth, 53 Mass. App. Ct. 526, 528 (2002), quoting Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). The purpose of the presentment requirement is to "ensure[] that the responsible public official receives notice of the claim so that the official can investigate." Murray v. Hudson, 472 Mass. 376, 384 (2015). Once the governmental defendant timely raises the question of presentment, the burden is on the plaintiff to show that presentment was proper. Lodge v. District Attorney for Suffolk Dist., 21 Mass. App. Ct. 277, 284 (1985).

Here, once DCF raised the presentment issue in its motion to dismiss, the plaintiff did not show (or even claim) that she met the presentment requirements applicable to her other tort claims. The judge properly dismissed those claims for lack of proper presentment. G. L. c. 258, § 4.

3

Even if those claims had been properly presented, the plaintiff did not assert them in a complaint filed within the statute of limitations.  Tort claims against a public employer like DCF, other than those alleging sexual abuse, must ordinarily be filed within three years after the claims accrued. G. L. c. 258, § 4 ("No civil action shall be brought more than three years after the date upon which such cause of action accrued").  Here, as further discussed below, the plaintiff's tort claims accrued when she was a minor, i.e., no later than 2000, and thus those claims not premised on sexual abuse were required to be filed within three years after she turned eighteen, i.e., no later than 2003.  See G. L. c. 260, § 7. This action was not filed until 2023.  Thus, dismissal of those claims as untimely was also proper.

As for the plaintiff's claims that do relate to the sexual abuse of a minor, while no presentment is required, see G. L. c. 258, § 4, a statute of limitations does apply.  General Laws c. 260, § 4C1/2 provides:

> "An action of tort alleging that the defendant negligently supervised a person who sexually abused a minor or that the defendant's conduct caused or contributed to the sexual abuse of a minor by another person shall be commenced within the later to expire of:  (i) [thirty-five] years after the acts alleged to have caused an injury or condition to such minor; or (ii) [seven] years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury or condition was caused by such act; provided, however, that the time limit for commencement of such an action under this section shall

4

be tolled for a child until the child reaches 18 years of
age."

However, clause (i) is applicable only to "claims arising out of
or based upon [such] acts . . . which first occurred after [June
26, 2014]." St. 2014, c. 145, § 8. As the plaintiff turned
eighteen in 2000, all instances of sexual abuse of a minor
committed against her would have occurred long before 2014,
making clause (i) inapplicable.

Thus, the relevant standard is in clause (ii), which at
most allowed the plaintiff, starting when she turned eighteen, a
period of seven years after she "discovered or reasonably should
have discovered" the emotional or psychological injury caused by
the alleged abuse. G. L. c. 260, § 4C1/2. The plaintiff's
complaint and her related filings show that she was aware of the
injuries caused by the abuse by no later than 2008.[1] Therefore,
the statute of limitations on her sexual abuse claims expired no
later than 2015, and her complaint, filed in 2023, is untimely.

---

[1] The plaintiff knew of the injuries she allegedly suffered
from the childhood sexual abuse at least by the time the undated
DCF report included in her filings was written. The report
includes statements such as, "[the plaintiff] reported that when
she was three or four years old her teenaged foster brother
began molesting her" and that "her foster mother's boyfriend
'came on to' her." The report also states that the plaintiff
met her husband "[t]wo years ago" and that the couple married in
2006. Based on this language, we conclude that the report could
have been written no later than 2008. Thus, the plaintiff knew
of her injuries by no later than 2008.

2.  Civil rights claims.  The plaintiff argues that DCF violated her civil rights.  DCF counters that any civil rights claim would arise under either the Massachusetts Civil Rights Act (MCRA), G. L. c. 12, §§ 11H-11J, or the Federal Civil Rights Act, 42 U.S.C. § 1983, both of which allow claims against only those defendants who are "persons."  DCF does not qualify as a "person" under either statute.  "[T]here is no indication in the MCRA that the word 'person' includes either the Commonwealth or any of its political subdivisions."  Howcroft v. Peabody, 51 Mass. App. Ct. 573, 592 (2001).  "[I]t is a widely accepted rule of statutory construction that general words in a statute such as 'persons' will not ordinarily be construed to include the State or political subdivisions thereof."  Hansen v. Commonwealth, 344 Mass. 214, 219 (1962).  And "an agency of the Commonwealth is not a 'person' subject to suit for monetary damages under § 1983."  Laubinger v. Department of Revenue, 41 Mass. App. Ct. 598, 601 (1996).  Because DCF is not a "person" and so cannot be sued under these statutes, the plaintiff's civil rights claims were properly dismissed.

3.  Claim for release of records.  In her complaint, the plaintiff alleges that DCF is denying her access to her records and calling her to harass her about her records.  On appeal, the plaintiff claims that DCF failed to perform its duty to provide her with "crucial pre-adoption records."  DCF argues that we

should interpret this claim as a complaint seeking relief in the nature of mandamus to compel the release of documents. Seeing no more likely explanation, our analysis proceeds on that basis.

To survive a motion to dismiss, a complaint in the nature of mandamus must plausibly allege that the defendants have a "clear cut duty" to perform a particular act. Simmons v. Clerk-Magistrate of the Boston Div. of the Hous. Court Dep't, 448 Mass. 57, 59-60 (2006), quoting Doe v. District Attorney for the Plymouth Dist., 29 Mass. App. Ct. 671, 675 (1991). Further, "mandamus does not lie if any other effective remedy exists" (citation omitted). Doherty v. Retirement Bd. of Medford, 425 Mass. 130, 135 (1997).

The plaintiff has not plausibly alleged that DCF failed to comply with a clear cut duty. See Simmons, 448 Mass. at 59-60. Among other things, she does not identify what law imposes a nondiscretionary duty on DCF to release any specific records to her. Various procedures apply to records requests to DCF. See 110 Code Mass. Regs. § 7.211(1) (2008); 110 Code Mass. Regs. §§ 12.01-12.17 (2008); G. L. c. 210, § 5D. Among other things, "all records held by the [d]epartment about a person are available to that person" by written request with payment of a fee. 110 Code Mass. Regs. § 12.10(1), (3). DCF will redact certain third-party identifiers and remove privileged information from its response. 110 Code Mass. Regs. § 12.10(1),

7

(4).  If the person requesting records is in ongoing litigation with DCF, other procedural requirements apply, but the records are still subject to redaction by DCF.  110 Code Mass. Regs. § 12.09.

In support of her argument that DCF has failed in its duty to provide records, the plaintiff attaches two e-mail messages that appear to be from DCF confirming the receipt of one or more records requests.  It is unclear whether these were attached to her Superior Court complaint, as would have been necessary for the judge to consider them in connection with a motion to dismiss.  Even if they were, the complaint does not provide information or documentation showing what she requested or how DCF ultimately responded. As the plaintiff does not plausibly allege that DCF failed to comply with a clear cut duty to provide records to her, the complaint does not state a claim for mandamus relief.

4.  Opposition to motion to dismiss.  The plaintiff argues that the judge improperly dismissed her complaint without considering her response to DCF's motion to dismiss.  The Superior Court docket, however, shows that the plaintiff did not file any such response.  The plaintiff's postjudgment motion for reconsideration asserts that she filed an opposition to DCF's motion to dismiss on the same day DCF filed its motion, i.e., October 31, 2023.  It may be that the plaintiff was referring to

an e-mail message she sent on that date to the Office of the Attorney General (but not the court), giving the name and docket number of her case and an explanation of why she filed it.  We have carefully reviewed that e-mail message and see nothing in it that would have given the motion judge any ground to deny DCF's motion to dismiss.  Therefore, the plaintiff suffered no prejudice from the judge's apparent lack of opportunity to review the e-mail message.

Similarly, even if the plaintiff had appealed from the denial of her motion for reconsideration, the result would be the same.[2]  That motion contains no argument on any of the grounds for dismissal that we have relied on in our analysis above.

5.  Other issues.  The plaintiff's brief makes several other general allegations that have no clear relevance to the legal claims asserted in her complaint.[3]  She asserts that the

_____

[2] The plaintiff filed that motion on December 18, 2023, after she filed her notice of appeal on November 27, 2023.  The judge denied the motion on December 21, 2023, and the plaintiff did not file another notice of appeal.  Thus, the denial of the motion is not before us.

[3] The plaintiff's brief also asserts a breach of contract but does not point to any contract that existed between DCF and herself or how any contract was breached.  Additionally, this argument was not raised below, so it cannot be raised for the first time on appeal.  See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983).  Similarly, the plaintiff's claim that DCF failed to provide her with proper legal representation is waived because she did not raise the issue below.  See id.

lower court "[f]ail[ed] to recognize the gravity of [her] claims against DCF" and that "systemic failures within DCF[] demand[] accountability and reform."  We emphasize that our decision to affirm the judgment dismissing her complaint is based on an application of the relevant law, not an evaluation of the gravity of the plaintiff's childhood experiences as alleged in her complaint.

Judgment affirmed.

By the Court (Meade, Sacks & Hodgens, JJ.[4]),

Clerk

Entered:  February 26, 2025.

---

[4] The panelists are listed in order of seniority.

10