NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-777

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526823

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender. Doe argues that the hearing examiner (examiner) abused his discretion by failing to provide adequate justification for rejecting the testimony of Doe's expert witness and by resting his decision on hearsay without first determining its reliability. We affirm.

Background. Doe was convicted of assault with intent to rape and indecent assault and battery after police, responding to a disturbance call, found him on top of the victim in a shed. Doe's pants were down, and the victim was intoxicated, naked from the waist down, had scratches on her legs and neck, and had

blood on her legs and face.  Doe was sentenced to three to four years of imprisonment, followed by three years of probation.

Thereafter, the SORB notified Doe that it had preliminarily classified him as a level two sex offender.  Doe challenged the classification at a hearing, where he provided documentary evidence, including letters of support, and an expert psychologist to testify that, based on the SORB factors, she assessed Doe as posing a low risk of reoffense.  In support of the classification, the SORB submitted documentary evidence including police reports of the offense and a victim impact statement.  After considering the evidence, the examiner ordered Doe to register as a level two (moderate risk) sex offender.

Doe sought judicial review.  A judge remanded for further explanation of why the examiner did not accept the expert's opinion.  The examiner then issued an amended decision detailing his reasons.  Doe again sought judicial review in Superior Court, and a second judge affirmed the amended decision.  Doe now appeals from that judgment.

Discussion.  Our review is limited, and "[w]e reverse or modify the board's decision only if we determine that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 633 (2011).  A hearing examiner,

2

unlike a fact finder at a trial, is not free to reject an expert's uncontradicted testimony "concerning a subject which is beyond the common knowledge and experience of the [examiner]" without stating a basis for such rejection in the record.  Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 136-137 (2019) (Doe 23656), quoting Robinson v. Contributory Retirement Appeal Bd., 20 Mass. App. Ct. 634, 639 (1985).  That said, the examiner "has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014).  The examiner's experience and specialized knowledge in making such determinations are entitled to weight on review.  G. L. c. 30A, § 14 (7).

Doe argues that the examiner disregarded uncontradicted evidence from Doe's expert witness without an objectively adequate reason to do so.  However, this argument ignores that Doe's expert analyzed Doe's risk of reoffense based on SORB's risk factors,[1] a subject precisely within the examiner's experience and specialized knowledge.  The examiner's decision

---

[1] See 803 Code Mass. Regs. § 1.33 (2016).  Hereafter we refer to the board's classification factors by number, it being understood that each of them appears in the corresponding subpart of § 1.33.  The regulations were amended in 2025, but neither party argues that the amendments affected this case.

3

to weigh relevant factors differently than did the expert may therefore be an objectively adequate reason to reject the expert's testimony.  Doe 23656, 483 Mass. at 137.

Here, rather than simply rejecting the expert's testimony, the examiner permissibly assigned differing weight to a number of factors than did the expert, thus reaching a different conclusion.  For example, the expert gave reduced weight to Doe's substance use (factor 9), based on Doe's sobriety and substance use treatment while incarcerated, as well as Doe's recognition of the negative role that substance misuse played in his life.  But the expert acknowledged that there was no data on whether Doe would maintain that sobriety upon release.  By contrast, the examiner, in his amended decision, pointed to Doe's "history of relapsing after multiple interventions" when disagreeing with the weight to give factor 9.

Similarly, while the expert and examiner agreed that Doe's age (factor 30) would generally be a mitigating factor, the examiner applied minimal weight to this factor because Doe was already in his mid-forties at the time of the offense, a fact that the expert did not address.  The expert also opined that Doe's substance abuse treatment would mitigate his underlying risk of sex offense, but the expert acknowledged that the examiner might not give such mitigating weight where Doe did not complete sex offender-specific treatment (factor 24).  The

4

examiner then chose, permissibly, to treat Doe's refusal to complete sex offender treatment as a risk-elevating factor.[2]

Further, when considering the mitigating weight of Doe's probation (factor 28), both the expert and the examiner acknowledged Doe's past probation violation. But, the expert did not state whether this factored into her assessment, while the examiner explicitly stated that he gave only moderate mitigating weight in light of the past violation. The examiner also reached a different conclusion about the level of physical contact between Doe and the victim (factor 19), as the expert based her analysis on the physical contact required for the indecent assault and battery conviction while the examiner additionally considered evidence of further physical contact (penetration).

Ultimately, "Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony." Doe

---

[2] Doe also criticizes the examiner's statement that his expert did not consider Doe's refusal to attend sex offender treatment, when in fact the expert testified only that she did not recall whether she had considered that factor. Yet the examiner correctly described the expert's testimony on this issue. In any event, a reasonable inference from the expert's memory lapse is that she did not consider the failure to engage in sex offender treatment particularly significant, whereas the examiner concluded in accordance with factor 24 that it aggravated Doe's risk of reoffense.

23656, 483 Mass. at 137.  The examiner did not abuse his discretion, nor was his decision arbitrary and capricious, where his amended decision reasonably explained his divergence from the expert's opinion based on a number of SORB factors.

Doe also argues that the examiner improperly considered hearsay evidence without first determining its reliability.  This issue is waived, as Doe did not raise it before the Superior Court.  See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983).

Judgment affirmed.

By the Court (Massing, Sacks & Allen, JJ.[3]),

Clerk

Entered:  December 17, 2025.

---

[3] The panelists are listed in order of seniority.

6